SOUTHERN DISTRICT OF NEW YORK
UNITED STATE DISTRICT COURT

14 CV 7822

-----------------------------------------------------------X

NADIRE DOSKU,

        Plaintiff,

        COMPLAINT

v.

        Civil Action

NEW YORK STATE OFFICE FOR PEOPLE
WITH DEVELOPMENTAL DISABILITIES,
also known as HUDSON VALLEY DDSO,

JUDGE CASTEL

        Defendant.

-----------------------------------------------------------X


RECEIVED SEP 29 2014 U.S.D.C. S.D.N.Y.

Nadire Dosku the Plaintiff alleges as follows.

## The Parties

1. Plaintiff, Nadire Dosku, is an individual residing at 237 Pine Island Turnpike, Warwick, New York 10990.

2. Defendant, New York State Office for People with Developmental Disabilities, also known as Hudson Valley DDSO is a governmental entity with offices at 7 Wilbur Road, the Thiells Campus, Thiells, New York 10984 and 220 White Plains Road, 6th Floor, Tarrytown, New York 10591.

## Jurisdiction and Venue

3. Jurisdiction is conferred on this court by Section 16 (29 U.S.C. Section 16) of the Fair Labor Standards Act of 1938 ("FLSA") and Title I of the Americans with Disabilities Act of 1990 (the "ADA") 42 USC Sections 12101-12117, 12111(q) and 29 C.F.R. 1630.2 (o) (2) (i-ii) (1997) [as to reasonable accommodation for test taking], 12201-1213 (1994) (codified as amended) and the ADA's requirements regarding reasonable accommodation and undue

hardship any state or local disability antidiscrimination laws to the extent that they offer less protection than the ADA pursuant to 29 C.F.R. Section 1630.1(c) (2) (1997).

4.  Venue is appropriate in this court pursuant to 28 U.S.C. Section 1391(b)(1), the Defendant resides within this judicial district, and pursuant to 28 U.S.C. Section 139(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

Nature of the Case

5.  This is an action seeking an injunction to allow the plaintiff to re take the medication administration test with her accommodations pursuant to the provisions of the FLSA. See 29 USC Section 201, et seq.

6.  The plaintiff has suffered injury because of her loss of employment because of defendant's action that has caused her embarrassment, humiliation and mental and emotional distress.

7.  Prior to April 4, 2014 plaintiff was employed by defendant as a direct support assistant trainee.

8.  On or about April 4, 2014 Jeffrey C. Kimma, the Director for Human Resources Management of the defendant sent a letter to plaintiff terminating her employment effective April 4, 2014.

9.  The plaintiff was notified that the reason for the employment termination was the plaintiff's inability to pass the medication administration test that if passed would allow plaintiff to hand out medication to residents of the defendant.

10.  The plaintiff has a mental disability of a limited intelligence. When defendant hired plaintiff was aware of this limitation. Despite this limitation defendant was and is able to fulfill the required day to day tasks required for her position with the defendant. Due to this condition

her test taking ability during a short time is limited. Upon information and belief if plaintiff is provided additional time to take the test she could pass it.

11.     On August 12, 2014 plaintiff notified defendant by a report prepared by psychologist Vega A. Lalire, PhD, pursuant to her report of August of 2014 that plaintiff should be able to pass the medication administration test. On said date a copy of this report was provided to defendant.

12.     On August 12, 2014 the defendant also notified of the plaintiff's request for accommodation.

13.     Since August 12, 2014 and despite repeated requests by telephone messages to defendants' representative for a response to the August 12, 2014 notification the defendant has failed to respond and failed to provide the accommodations to the plaintiff in order to re take the medication administration test that may allow her to pass the medication administration test.

14.     To date the defendant has not responded to plaintiff's requests.

WHEREFORE, by reason of the foregoing request is made for an injunction compelling defendant to allow plaintiff to re take the medication administration test with accommodation and attorney fees and such other fees and relief the court deems appropriate.

Dated:     September 26, 2014

_____
Eric B. Kaviar
EK0557
Attorney for Plaintiff
Nadire Dosku
712 Third Avenue
Brooklyn, New York 11232
(718) 965-6146

3